# THE RAMEAU LAW FIRM

16 Court Street, Suite 2504
Brooklyn, NY 11241

| | |
|---|---|
| AMY RAMEAU, ESQ.* | *Admitted in New York, New Jersey, |
| amywmrameau@hotmail.com | Eastern and Southern Districts of New York |
| *Of Counsel* | |
| AFSAAN SALEEM, ESQ.+ | +Admitted in New York, |
| saleemlawny@gmail.com | Eastern and Southern Districts of New York |

October 1, 2015

**VIA ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Nicholas John v. City of New York, et al.,</u> 15 CV 4882 (BMC)

Your Honor:

     I represent the plaintiff in the above-captioned action. Pursuant to Your Honor's Court Order dated August 20, 2015, the parties hereby submit a joint letter in advance of the Initial Conference. The parties apologize for the delay in sending this letter.

  A. Plaintiff's brief description of the case

     On July 6, 2014 at around 1-2am, plaintiff was walking on the sidewalk on St. Mark's Avenue in Brooklyn with his friend, Samuel Clark. At that moment officers came out of a building with a suspect who was under arrest. Plaintiff asked the officers who were present what is going on? Rather than getting a response an officer punched him and then plaintiff was thrown to the ground and arrested. He was held in custody until about 6pm that night. He was falsely charged with attempted assault, resisting arrest, obstructing governmental administration and disorderly conduct. The charges against him were dismissed on February 11, 2015.

     On September 29, 2014 plaintiff was with one of his friends and was walking outside to where another friend lived. She was coming towards him when officers suddenly approached him and ordered plaintiff to stop. Plaintiff put his hands up and stopped and was then slammed to the ground. His friend who protested at plaintiff's treatment was pushed to the ground. Plaintiff was then lifted up off the ground by his neck after he was placed in handcuffs. He was falsely charged with

**THE RAMEAU LAW FIRM**

several counts of disorderly conduct and riot. The charges against him were dismissed on January 8, 2015.

    B. Defendants' brief description of the case

       At this time Defendant City of New York has very limited information regarding the circumstances of plaintiff's arrests. As the Court is likely aware, all records of plaintiff's arrests and subsequent prosecutions have been sealed pursuant to N.Y. Crim. Pro. L. 160.50, including all NYPD records, and court records and/or the file of the Kings County District Attorney's Office. Although plaintiff has provided us with releases at the end of August, those releases take several weeks to process and we have not yet received any documents related to plaintiff's arrests. Therefore, without this information defendants cannot properly provide a statement of the case.

    C. Jurisdiction
       Jurisdiction is proper based upon 42 U.S.C. 1983, 1988 and 28 U.S.C. 1331 and 1367. Venue is proper as the incident took place in Brooklyn and plaintiff is a Brooklyn resident.

    D. Legal basis for claims
       State law false arrest, assault, battery, malicious prosecution. Federal false arrest, excessive force and malicious prosecution.

    E. Defenses

       At set forth above, defendants have extremely limited information regarding the circumstances of plaintiff's arrests. In addition, defendants have not yet filed an answer to the complaint. Therefore, defendants cannot say with certainty which defenses they will assert in their answer. Nonetheless it is anticipated, based upon the allegations in the complaint, defendants will assert several defenses, including but not limited to: 1) plaintiff fails to state a claim upon which relief can be granted; 2) defendants have not violated any rights, privileges and immunities under the Constitution or the laws of the United States or the State of New York; 3) any injury suffered by plaintiff was the result of his culpable or negligent conduct or that of a non-party and not the proximate result of any act of the defendants; 4) defendant City of New York is entitled to governmental immunity; 5) the individual defendants are entitled to qualified immunity; 6) punitive damages cannot be recovered against the City of New York and 7) there was probable cause for plaintiff's arrests.

# THE RAMEAU LAW FIRM

    F. Contemplated Motions:
       Without further information defendants cannot properly evaluate this matter for potential motions. Nonetheless, defendants reserve the right to make any appropriate motions pursuant to the Federal Rules of Civil Procedure, including one for summary judgment.

                                  Sincerely,

                                  Afsaan Saleem, Esq.

cc: ACC Beth Hoffman